FILED
CLERK OF COURTS
BROWN COUNTY OHIO
SEP 26 2023
L. CLARK GRAY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
BROWN COUNTY, OHIO

Case No: **20230551**

TIMOTHY ROSE
1829 BLACK OAK LANE,
HAMERSVILLE, OHIO 45130

    Plaintiff,

-vs.-

ALLSTATE INSURANCE COMPANY
c/o THOMAS J. WILSON, CHAIRMAN, CEO
AND PRESIDENT
3100 SANDERS ROAD
NORTHBROOK, ILLINOIS 60062

AND

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
c/o THOMAS J. WILSON, CHAIRMAN, CEO
AND PRESIDENT
3100 SANDERS ROAD
NORTHBROOK, ILLINOIS 60062

AND

ALLSTATE INSURANCE SERVICES, INC.
3100 SANDERS ROAD
NORTHBROOK, ILLINOIS 60062
c/o THOMAS J. WILSON, CHAIRMAN, CEO
AND PRESIDENT
3100 SANDERS ROAD
NORTHBROOK, ILLINOIS 60062

Also Serve:
Allstate Insurance Services, Inc.
c/o CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

    Defendants.

**COMPLAINT WITH
JURY DEMAND
ENDORSED HEREON**

**NOW COMES Plaintiff, Timothy Rose,** by and through undersigned counsel, and states his Complaint against the named Defendants, as follows:

## I. The Parties

1. Plaintiff, Timothy Rose, [Hereinafter, "Plaintiff"] resides at **1829 Black Oak Lane, Hamersville, Brown County, Ohio 45130, ["the subject property"]** and has so resided at relevant times herein.

2. Defendants, Allstate Insurance Company, Allstate Vehicle and Property Insurance Company and Allstate Insurance Services, Inc. [Collectively "Allstate" or "Defendants"], are all Illinois-based, *inter alia.*, property and casualty insurance companies, which issued a homeowner's insurance policy contract to the Plaintiff, which was, in full force and effect, at the time of the subject property losses. Defendants conduct substantial business within Brown County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendants, Allstate Insurance Company and/or Allstate Vehicle and Property Insurance Company and/or Allstate Insurance Services, Inc.

3. This case arises, *inter alia,* from the negligent and/or willful failure of the Allstate Defendants to fully, adequately and timely indemnify the Plaintiff for his covered loss, which occurred on or about **April 01, 2023.**

## II. Jurisdiction and Venue

4. Jurisdiction is properly invoked in the Brown County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Brown County, Ohio.

5. Venue is proper in Brown County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendants conduct substantial business in Brown County, Ohio.

### III. Statement of Facts

6. The subject property, located at **1829 Black Oak Lane, Hamersville, Brown County, Ohio 45130 ["the subject property"]** was (and still is) owned by the Plaintiff as his primary residence.

7. On or about **April 01, 2023,** Plaintiff suffered a substantial windstorm/hailstorm loss to, *inter alia*, the roof and siding of the subject property.

8. Plaintiff promptly notified Defendants of the occurrence on or about April 01, 2023, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Allstate insurance policy, which was, in full force and effect, on the date of the subject loss.

9. Plaintiff duly reported the loss and fully cooperated with the Defendants following the subject windstorm/hailstorm loss. Defendants failed to conduct a reasonable investigation of the loss.

10. As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or interior and/or loss of use and/or additional damages at the subject property.

11. Defendants wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for the covered loss.

12. Plaintiff placed reasonable reliance upon the Defendants; that said Defendants would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for his property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

13. Plaintiff restates and re-alleges the allegations contained in Paragraphs One through Twelve (1-12), with the same force and effect, as though fully rewritten herein.

14. Plaintiff placed reasonable and justifiable reliance upon the Defendants to perform the reasonable and necessary services to adjust the subject windstorm loss and to adequately indemnify Plaintiff for the subject loss.

15. Defendants owed a duty of good faith and fair dealing to the Plaintiff in carrying out their duties under the subject insurance policy.

16. Defendants breached their duties of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

   (a) failing to promptly and reasonably adjust and pay the Plaintiff's claims;

   (b) failing to establish a reasonable justification for the denial of the Plaintiff's claims;

   (c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claims;

   (d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claims from its inception;

   (e) failing to properly analyze the cause of the loss and/or the applicable coverage;

   (f) failing to properly review the analysis contained in any reports related to the losses in its possession;

**(g)** failing to properly review the available evidence related to the losses;

**(h)** failing to perform a good faith analysis of the losses;

**(i)** failing to prepare a good faith estimate of damages caused by the losses;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for the subject losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendants; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

17. As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendants, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

18. To the extent the conduct of the Defendants is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

19. Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Eighteen (1-18), with the same force and effect, as though fully rewritten herein.

20. As insurers, the Allstate Defendants, their respective management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

21. Defendants' wrongful failure to promptly and reasonably adjust the subject loss claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

22. As a direct and proximate result of Defendants' bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

23. The conduct of the Defendants has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, **Timothy Rose,** by and through counsel, demands the following relief:

A. Judgment against **Defendants, Allstate Insurance Company and Allstate Vehicle and Property Insurance Company and Allstate Insurance Services, Inc., jointly and severally,** for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

B. Judgment against **Defendants, Allstate Insurance Company and Allstate Vehicle and Property Insurance Company and Allstate Insurance Services, Inc., jointly and severally**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

C. An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

D. An award of pre-judgment interest; and

E. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Shawn R.Ryan*
Shawn R. Ryan Esq. [0042267]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 171
(513) 721-5557 (FAX)
E-mail: sryan@maislinlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Shawn R. Ryan*
Shawn R. Ryan Esq. [0042267]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 171
(513) 721-5557 (FAX)
E-mail: sryan@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendants at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Shawn R. Ryan*
Shawn R. Ryan Esq. [0042267]
Trial Attorney for Plaintiff
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 171
(513) 721-5557 (FAX)
E-mail: sryan@maislinlaw.com

The Law Offices of

# BLAKE R. MAISLIN, LLC

⚖️

www.wantmore.com

Blake R. Maislin[1]
Randy A. Byrd[1]
Thomas J. Dall, Jr.[3]
James C. Alexander, II.
Ronald C. Taylor, Jr.[1]
Jon P. Clemons[2]
Derrick A. Wyatt[1]

Brad G. Braun[1]
Phillip W. Wiehe
Amanda R. Price
Stephanie L. Collins[1]
Michael C. Lind[4]
Benjamin A. Kling
Cory D. Thompson

**Please Respond to:**
**Cincinnati, OH Office**

[1] *Also Admitted in KY*
[2] *Also Admitted in IN*
[3] *Also Admitted in KY & IN*
[4] *OH PPA; Also Admitted in MD & D.C.*

September 15, 2023

**Brown County Court House**
**Attn: Civil Clerk of Courts**
101 S. Main Street
Georgetown, Ohio 45121

      RE   <u>**Timothy Rose vs. Allstate Insurance Company et al.**</u>
            **Case No.: Pending**

Dear Clerk:

Enclosed please find the following;

1. **Praecipe for Service;**
2. **Complaint with Jury Demand Endorsed Hereon**
3. **Check in the amount of $250.00 representing the filing fee.**

Please file and return time-stamped copy(ies) in the self-addressed stamped envelope provided.

Should you have any questions or concerns, please feel free to contact our office.

                      Sincerely,
                      **THE LAW OFFICES OF BLAKE R. MAISLIN, LLC**

                      Kearstyn McCane
                      Legal Assistant
                      **Direct: (513) 444-4444 Ext. 139**
                      kmccane@maislinlaw.com

**CINCINNATI, OH OFFICE**
2260 Francis Lane
Cincinnati, OH 45206
Tel (513) 444-4444
Fax (513) 721-5557

**DAYTON, OH OFFICE**
2215 Arbor Blvd
Moraine, OH 45439
Tel 1 (937) 444-4444
Fax 1 (937) 640-3042

**FLORENCE, KY OFFICE**
7315 Dixie Highway
Florence, KY 41042
Tel (859) 444-4444
Fax (859) 282-1170